(76 Misc. Rep. 367.)

## KOELSCH v. KENDALL et al.

(Supreme Court, Special Term, New York County. April, 1912.)

1. MORTGAGES (§ 562*)—FORECLOSURE—JUDGMENT FOR DEFICIENCY—EXECUTION.

Where an order is made in 1912 granting leave to issue an execution upon a judgment for deficiency in mortgage foreclosure sale which was docketed in 1903, after the filing in 1900 of a referee's report of sale in foreclosure showing a deficiency, the publication of notice of sale under the execution will, under Code Civ. Proc. § 1251, be withdrawn, and all proceedings relating thereto stayed on motion.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1618–1621; Dec. Dig. § 562.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MORTGAGES (§ 559*)—FORECLOSURE BY ACTION—JUDGMENT FOR DEFICIENCY
   —DURATION OF LIEN.
     Under Code Civ. Proc. § 1251, the lien of a judgment for deficiency on
   a sale under mortgage foreclosure exists only for 10 years from the filing
   of the referee's report of sale showing the amount of the deficiency.

     [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592, 1600–
   1603, 1605–1608; Dec. Dig. § 559.*]

Action by Henry A. Koelsch against Nicholas D. Kendall and others. Heard on motion to enjoin plaintiff and the sheriff of New York county from selling real property under execution issued on deficiency judgment. Motion granted. Order affirmed (135 N. Y. Supp. 1122).

Thomas F. Keogh, for the motion.
Edward S. Clinch, opposed.

BIJUR, J.  [1, 2] Motion to compel the withdrawal of the publication of notice of sale by the sheriff of certain lands, and to stay all proceedings relating thereto. Plaintiff, having recovered a judgment of foreclosure against defendant and others, filed a judgment roll December 20, 1899. The judgment provided for a sale of the premises by a referee, that the referee should specify the amount of the deficiency, if any, and that plaintiff should have execution therefor. The sale took place January 11, 1900. The referee's report, showing a deficiency, was filed January 16, 1900. The judgment for the deficiency was docketed May 22, 1903. Plaintiff obtained an order granting him leave to issue execution February 26, 1912. Section 1251 of the Code reads:

"Except as otherwise specially provided by law, a judgment * * * is a charge upon, for ten years after filing the judgment roll, and no longer, the real property," etc.

The defendant claims that the lien upon his property under this judgment extended for 10 years from December 20, 1899, only, and had therefore expired before the present order for execution was obtained (apparently under section 1377 of the Code. Plaintiff claims that section 1251 is limited by section 1272 to apply only to judgments wholly or partly for a sum of money, and that a judgment of foreclosure is not such a judgment. Defendant claims that a judgment for deficiency is such a judgment. In either event I do not understand on what theory the plaintiff claims his judgment for deficiency to be a lien for a period of 10 years beginning at any date other than in 1900 at the time either of the filing of the judgment roll or (by liberal interpretation of that term) at the time of the filing of the referee's report of the sale and his report of the amount of the deficiency. If section 1251 covers this judgment, then the year 1900 would be the correct date from which to calculate the 10 years. If it does not cover this judgment there seems to be no provision—or at least plaintiff cites none—which makes his judgment a lien upon real estate. The point is made in plaintiff's brief that defendant has no present interest in or title to the property, and therefore shows no

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right to the relief here prayed for. But the moving papers present no facts upon which this claim is based. There is no statement in them as to the present title or interest of the defendant. The notice of sale relates to "all the right, title and interest that defendant had on the 22d day of May, 1903, or at any time thereafter." As the attempt to enforce this execution manifestly proceeds on the theory that the lien of the judgment still attaches, I find that defendant's motion must be granted.

Motion granted.